UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

LLOYD BROWN, JR.,

    Petitioner,

v.      CAUSE NO. 1:24-CV-122-HAB-SLC

WARDEN,

    Respondent.

OPINION AND ORDER

Lloyd Brown, Jr., a prisoner without a lawyer, filed an amended habeas corpus petition under 28 U.S.C. § 2254 challenging a conviction in Grant County under Case No. 27D01-1610-F5-133. (ECF 13.) Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review the petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

According to the Indiana Court of Appeals:

> On October 1, 2016, Brown, while armed with a machete, went to Theresa Riley's ("Riley") house demanding to know where his girlfriend, Kelly Davis ("Davis"), was. Eric Kirkland ("Kirkland"), who lived in the home with Riley, came outside when he heard yelling, and Brown threatened to chop him up with the machete.

*Brown v. State*, 111 N.E.3d 263 (Table), 2018 WL 4659105, at *1 (Ind. Ct. App. 2018).[1] He ultimately pled guilty to one count of intimidation in exchange for dismissal of another charge. *See State v. Brown*, 27D01-1610-F5-133 (Grant Sup. Ct. closed Jan. 29, 2018). He

---

[1] The court is permitted to take judicial notice of public records in ruling on the petition. *See* FED. R. EVID. 201.

was sentenced to serve five years in prison. *Id.* (docket entry Jan. 29, 2018). He appealed, challenging the length of his sentence, and the Indiana Court of Appeals affirmed on September 27, 2018. *Brown*, 2018 WL 4659105, at *4. He did not seek review in the Indiana Supreme Court or the U.S. Supreme Court. (ECF 13 at 1.)

In June 2021, he filed a state post-conviction petition. (*Id.* at 2.) While the petition was pending, he and the prosecutor reached an agreement to modify his sentence to suspend four of the five years to probation. (ECF 13-1 at 71-72.) By agreement of the parties, his sentence was amended on November 12, 2021, and his post-conviction petition was dismissed. (*Id.* at 75; ECF 13 at 2.) He did not pursue further relief in state court. (ECF 13 at 2.)

On March 4, 2024, he filed what purported to be a habeas corpus petition under 28 U.S.C. § 2241. (ECF 1 at 10.) His filing was confusing, but it was evident from the content that he was challenging his Grant County conviction, which meant that 28 U.S.C. § 2254 applied. His filing was stricken and he was granted leave to file an amended petition on the correct form that more clearly set forth his claims. (ECF 7.) After being granted an extension of time, he filed this amended petition. (ECF 12, 13.)

The amended petition is still somewhat difficult to follow, but the court understands him to be raising several claims that center on the prosecutor's decision to

seek a habitual offender enhancement in his case.[2] He was not sentenced as a habitual offender, but as best as can be discerned, he argues that there was no basis to seek the enhancement in the first place.[3] He believes the prosecutor's decision to seek the enhancement amounted to "vindictive prosecution" and "fraud," which rendered his guilty plea invalid. He further claims that his counsel provided ineffective assistance in connection with this issue. (ECF 13 at 7-29.)

As a preliminary matter, it is unclear whether Mr. Brown is still "in custody" in connection with the intimidation conviction, which is a threshold requirement for challenging it under 28 U.S.C. § 2254. *See Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). In 2021, his sentence was modified so that he would only serve one year in prison. (ECF 1 at 38.) It is now 2024, and there is no basis to conclude that he is still serving this one-year sentence. Additionally, his amended petition was mailed from a residence in Marion, Indiana, indicating that he is not currently in custody. (ECF 13-2 at 1.) A petitioner cannot use 28 U.S.C. § 2254 to challenge a conviction when he has "already served the entirety of his sentence." *Coss*, 532 U.S. at 401. Nevertheless, he has a complex criminal history, and it appears possible that he is facing some "collateral consequence" from the intimidation

---

[2] Under Indiana Code § 35-50-2-8, "the state may seek to have a person sentenced as a habitual offender for a felony by alleging, on one (1) or more pages separate from the rest of the charging instrument, that the person has accumulated the required number of prior unrelated felony convictions" as outlined in the statute. "[T]he purpose of the adult habitual offender statute is to penalize more severely those persons whom prior sanctions have failed to deter from committing felonies." *N.D.F. v. State*, 775 N.E.2d 1085, 1089 (Ind. 2002).

[3] Some of his arguments suggest that he believes he was sentenced as a habitual offender, but the state court record reflects that the prosecution agreed not to pursue an enhanced sentence under the habitual offender statute in exchange for his plea. *Brown*, 2018 WL 4659105, at *2.

conviction, which is enough to satisfy the "in custody" requirement.[4] *See Lauderdale-El v. Indiana Parole Bd.*, 35 F.4th 572, 575 (7th Cir. 2022). Because of the uncertainty, the court will proceed to the petition.

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") contains a strict statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

---

[4] This case was one of three related criminal cases filed against him. While he was out on bond in the intimidation case, he had an altercation with his girlfriend, Ms. Davis, resulting in separate confinement and battery charges being filed against him. Months later, he had another altercation with her, resulting in additional charges of domestic battery, criminal confinement, and invasion of privacy. He reached a global plea agreement as to the charges in all three cases and was sentenced to serve an aggregate 10-year term. The sentencing structure was complicated and involved interrelated sentences. *Brown*, 2018 WL 4659105, at *2-3. It is unclear from the present record whether he is still serving some portion of these interrelated sentences, including the terms of probation that were imposed.

Applying those provisions here, Mr. Brown's conviction was affirmed by the Indiana Court of Appeals on September 27, 2018, and he did not seek review in the Indiana Supreme Court. At that time, petitions to transfer had to be filed within 30 days of the appellate court's judgment. IND. R. APP. 57(C) (eff. Jan. 1, 2008, to Dec. 31, 2018). His conviction became final under 28 U.S.C. § 2244(d)(1)(A) on October 29, 2018, when the time for seeking review in the Indiana Supreme Court expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for habeas petitioners who do not complete all levels of review, judgment becomes final when time for seeking further review expires). He had one year from that date, or until the end of October 2019, to file a timely federal petition. He did not file a petition within that deadline and instead waited until March 2024 to seek federal habeas relief.[5]

He sought state post-conviction relief in 2021, but the federal deadline had already expired when he filed his state post-conviction petition. The state post-conviction proceeding is thus "irrelevant" for federal statute of limitation purposes. *De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009) ("[A] state proceeding that does not begin until the federal year has expired is irrelevant. Any other approach would eliminate all federal time limits whenever a state does not have (or does not enforce) a time limit for collateral review[.]").

---

[5] Although it is debatable, the court will afford him the benefit of the doubt and presume that the amended petition filed in May 2024 "relates back" to his original petition filed in March 2024, which was deficient on numerous grounds. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).

The court has considered whether the amended sentence agreed to by the parties on post-conviction review altered the finality of his conviction for purposes of 28 U.S.C. § 2244(d)(2)(A). *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) (stating in dicta that where petitioner is resentenced after a remand, conviction does not become final until the conclusion of review of the amended sentence); *but see Freeman v. Wainright*, 959 F.3d 226, 229-32 (6th Cir. 2021) (limited resentencing that occurred without a full sentencing hearing and which benefited the petitioner did not create a new judgment for purposes of AEDPA). It is unnecessary to resolve this issue, however, because his sentence was amended in November 2021 and he did not seek federal habeas relief for another two-and-a-half years, well beyond the one-year deadline. In either case, the petition is untimely.

When asked to explain why the petition is timely under the provisions of 28 U.S.C. § 2244(d), Mr. Brown provides no response. (ECF 13 at 33.) He does not argue that a state-created impediment prevented him from filing a petition on time, nor do his claims implicate newly discovered facts or a newly recognized constitutional right made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(A)-(D). Because the petition was filed beyond the one-year deadline, it is untimely and cannot be considered on the merits.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny him a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As outlined above, the petition is untimely by a matter of years and Mr. Brown does not identify any potential ground for tolling the deadline. The court

finds no basis to conclude that reasonable jurists would debate the correctness of this procedural ruling. Second, it is doubtful that the court could reach the merits of his claims even if he had filed the petition on time. The petition reflects—and public records confirm—that he did not exhaust any claim in one complete round of state review. The time for asserting his claims in state court has passed, making them procedurally defaulted. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). He will not be granted a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the amended petition (ECF 13) pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) DENIES the petitioner a certificate of appealability; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on May 28, 2024.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT